IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| BRANDY O'BRIEN | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-13-156 |
| | § | |
| CITY OF KEMAH | § | |
| and COUNTY OF GALVESTON | § | |

## OPINION AND ORDER

After Plaintiff, Brandy O'Brien (O'Brien), failed to file a timely Amended Complaint, this Court entered a briefing schedule to address the merits of the Motion to Dismiss of the Defendant, County of Galveston (County). The Court ordered O'Brien to file her response to the Motion by July 15, 2013. To date, no response has been filed and the Court has had no related contact from O'Brien or her attorney. The Motion is, therefore, ripe for determination.

In her original petition, O'Brien alleges that employees of the Galveston County Sheriff's Office intentionally engaged in unlawful conduct by periodically stopping and detaining her and ultimately arresting her for charges that were later dismissed. O'Brien seeks to hold the County liable for the actions of the Sheriff Department's personnel.

The County cannot be held liable on either a theory of *respondieat superior* or vicarious liability. Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691 (1978)    Nor can the County be held liable under § 1983 solely because it employs a tort feasor. Commissioners of Bryan County v. Brown, 520 U.S. 397, 403 (1996)    Moreover, isolated incidents of misconduct, like those alleged by O'Brien, are insufficient. Fraire v. City of Arlington, 957 F.2d 1268, 1278 (5th Cir. 1992) For a County to be held liable for constitutional

harm, a Plaintiff must allege and show the harm suffered was a result of County policy or custom. Hare v. City of Corinth, MS., 74 F.3d 633 (5th Cir. 1996)   Nowhere in her petition does O'Brien allege any official policy or persistent wide-spread practice of County officials or County employees, which constituted any actionable custom or practice, that was the moving force behind O'Brien's alleged constitutional harm.  Palmer v. City of San Antonio, 810 F.2d 514, 516 (5th Cir. 1987)   Consequently, since the County's policy or custom is not the alleged cause of O'Brien's injury, her constitutional claim against the County lacks any legal or factual basis and must be dismissed.

O'Brien has also asserted claims against the County for malicious prosecution, defamation and intentional infliction of emotional distress.  None of these claims against the County have merit: a governmental entity, like the County, is immune from claims of intentional torts.  Harris County v. Sykes, 136 S.W. 3d 635, 638 (Tex. 2004)

For the foregoing reasons, it is **ORDERED** that "Defendant Galveston County's Motion to Dismiss" (Instrument no. 5) is **GRANTED** and all claims asserted by Plaintiff, Brandy O'Brien, against Defendant, Galveston County, are **DISMISSED**.

**DONE** at Galveston, Texas, this      24th         day of July, 2013.

John R. Froeschner
United States Magistrate Judge