IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| BRANDY O'BRIEN | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-13-156 |
| | § | |
| CITY OF KEMAH | § | |
| and COUNTY OF GALVESTON | § | |

## OPINION AND ORDER

Before the Court is the "Motion to Dismiss for Failure to State a Claim" of Defendant, City of Kemah (City). The Court ordered O'Brien to file her response to the Motion by August 23, 2013. To date, no response has been filed and the Court has had no related contact from O'Brien or her attorney. The Motion is, therefore, ripe for determination.

In her original petition, O'Brien alleges that officers of the Kemah Police Department intentionally engaged in unlawful conduct by periodically stopping and detaining her and ultimately arresting her for charges that were later dismissed. O'Brien seeks to hold the City liable for the actions of the Police Department's personnel.

The City cannot be held liable on either a theory of *respondieat superior* or vicarious liability. Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691 (1978)   Nor can the City be held liable under § 1983 solely because it employs a tort feasor. Id. at 692   Moreover, isolated incidents of misconduct, like those alleged by O'Brien, are insufficient. Fraire v. City of Arlington, 957 F.2d 1268, 1278 (5th Cir. 1992)   For a City to be held liable for constitutional harm, a Plaintiff must allege and show the harm suffered was a result of City policy or custom. Hare v. City of Corinth, MS., 74 F.3d 633 (5th Cir. 1996)   Nowhere in her petition

does O'Brien allege any official policy or persistent wide-spread practice of City officials or City employees, which constituted any actionable custom or practice, that was the moving force behind O'Brien's alleged constitutional harm. <u>Palmer v. City of San Antonio</u>, 810 F.2d 514, 516 (5th Cir. 1987)   Consequently, since the City's policy or custom is not the alleged cause of O'Brien's injury, her constitutional claim against the City lacks any legal or factual basis and must be dismissed.[1]

O'Brien has also asserted claims against the City for malicious prosecution, defamation and intentional infliction of emotional distress.  None of these claims against the City have merit:  a governmental entity, like the City, is immune from claims of intentional torts.  <u>Taylor v. Gregg</u>, 36 F.3d 453, 457 (5th Cir. 1994) (<u>citing</u> <u>City of San Antonio v. Dunn</u>, 796 S.W. 2d 258, 261 (Tex. App. -- San Antonio, 1990, writ denied)

Under the circumstances, the Court sees no need to address the other arguments raised by the City in its Motion to Dismiss.

For the foregoing reasons, it is **ORDERED** that the "Motion to Dismiss for Failure to State a Claim" (Instrument no. 17) of Defendant, City of Kemah, is **GRANTED** and all claims asserted by Plaintiff, Brandy O'Brien, against <u>Defendant, City of Kemah</u>, are **DISMISSED**.

**DONE** at Galveston, Texas, this ____11th____ day of September, 2013.

John R. Froeschner
United States Magistrate Judge

---

[1] The Court notes that O'Brien was given the opportunity to amend her complaint, but failed to do so.